UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS FIERRO, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>INGLEY ORELLANA, *et al.*,<br><br>    Defendants.<br>———————————————<br>JOSE LARA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALAN RITCHEY, LLC dba ALAN RITCHEY, INC., *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-00909-RFB-GWF<br><br>**<u>ORDER</u>** |

This case is before the Court on Defendants Alan Ritchey, Inc. and Ingley Orellana's Motion to Dismiss for Failure to Prosecute Against Plaintiff Victor Angulo Only. ECF No. 158. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When considering whether to dismiss for failure to prosecute, district courts weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

Weighing each of these factors, the Court concludes that Defendants' motion should be granted. The Court's review of the record indicates that Angulo did not file a response to

1  Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which
2  was filed on July 15, 2014. ECF No. 103. Angulo has also failed to file a response to the instant
3  Motion to Dismiss for Failure to Prosecute or to take any action at all in this case for over a year.
4  Therefore, the Court finds that the first and second factors—the public's interest and the court's
5  need to manage its docket—weigh in favor of dismissal. The Court also finds that Defendants are
6  prejudiced by Angulo's failure to prosecute, as unreasonable delay creates a presumption of
7  prejudice that Angulo has not rebutted. Eisen, 31 F.3d at 1452-53 (quoting Anderson v. Air
8  West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). While the fourth factor (the public policy
9  favoring disposition of cases on their merits) weighs in Angulo's favor, it is strongly outweighed
10 by the remaining factors. Finally, the Court finds that there are no less drastic sanctions available
11 in this case. Angulo has failed to prosecute this action for over a year despite receiving notice of
12 two separate dispositive motions and despite Defendants' stated efforts to contact him for
13 purposes of settlement. The Court does not find that any alternatives exist that would remedy the
14 delay and prejudice imposed upon Defendants by Angulo's delay.

15 For these reasons,

16 **IT IS ORDERED** that Defendants Alan Ritchey, Inc. and Ingley Orellana's Motion to
17 Dismiss for Failure to Prosecute Against Plaintiff Victor Angulo Only (ECF No. 158) is
18 GRANTED. As all remaining claims except for those of Angulo have previously been dismissed
19 from this case pursuant to stipulations filed by the parties, the Clerk of Court is instructed to
20 close this case.

22 DATED: August 31, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**